**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE 1, et al.,

Plaintiffs,

v. Case No. 3:26-cv-1265-MMH-PDB

EVAN KAUFMAN,

Defendant.
_______________________________________/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Response in Opposition to Defendant Evan Kaufman's Motion to Dismiss Complaint and Motion to Sever Claims (Doc. 21; Response), filed August 14, 2026. In the Response, Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4 (the Does), in addition to asserting that Defendant Evan Kaufman's Motion to Dismiss Complaint and Motion to Sever Plaintiffs' Claims (Doc. 16; Motion), filed July 8, 2026, is due to be denied, request, in the alternative, that the Court grant them leave to amend under Rule 15(a)(2) of the Federal Rules of Civil Procedure (Rule(s)). See Response at 6, 8–9, 19. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where

a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to this deficiency under the Local Rules, the request in the Response fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same). For all of these reasons, the Court will not entertain the Does' request for relief included in the Response. The Does are advised that, if they wish to pursue such relief, they are required to file an appropriate motion, in accordance with the Rules and the Local Rules.

Accordingly, it is:

**ORDERED**:

To the extent that the Does request affirmative relief from the Court, Plaintiffs' Response in Opposition to Defendant Evan Kaufman's Motion to Dismiss Complaint and Motion to Sever Claims (Doc. 21) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc36

Copies to:
Counsel of Record